DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of one count of breaking and entering, in violation of R.C. 2911.13(B), one count of grand theft, in violation of R.C. 2913.02(A)(1), and one count of theft, in violation of R.C. 2913.02(A)(1).
 {¶ 2} Appellant was sentenced to 11 months incarceration for the breaking and entering conviction, 16 months incarceration for the grand theft conviction, and 11 *Page 2 
months incarceration for the theft conviction. The sentences for breaking and entering and grand theft were ordered to be served concurrently to one another and consecutively to the theft sentence. For the reasons set forth below, this court affirms the verdict of the trial court, but remands for resentencing in conformity with the Ohio Supreme Court's decision set forth in State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 3} Appellant, Scott Matthew Curns, sets forth the following three assignments of error:
 {¶ 4} "I. Defendant's consecutive sentences in case No. CR2003-3696 and in case No. CR2005-1714 were unconstitutional and in violation ofState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).
 {¶ 5} "II. The sentences imposed in case No. CR2003-3696 and case No. CR2005-1714 were unconstitutional and in violation of State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).
 {¶ 6} "III. The jury's verdict was against the manifest weight of the evidence."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. Appellant was indicted in case No. 2003-3696 on four counts of breaking and entering, one count of vandalism, one count of grand theft, and three counts of theft.
 {¶ 8} Jury trial began on March 7, 2005. Appellant appeared for the first several days of trial, but failed to appear in court on the final day of his trial. Appellant was found guilty of one count of breaking and entering, one count of grand theft, and one count of theft. *Page 3 
 {¶ 9} On April 6, 2005, appellant was indicted in case No. 2005-1714 for failure to appear in violation of R.C. 2937.29 and two counts of tampering with records, in violation of R.C. 2913.42.
 {¶ 10} On September 20, 2005, appellant entered a no contest plea to the failure to appear charges. Appellant was sentenced to 16 months incarceration to be served consecutively with the term of his incarceration imposed in case No. 2003-3696. Appellant was sentenced to a total of 43 months incarceration. Appellant filed separate notices of appeal for each of the two cases, later consolidated by this court on July 10, 2006.
 {¶ 11} All of appellant's cases stem from a series of commercial break-ins occurring at Toledo area businesses during 2002 and 2003. On December 26, 2002, numerous plasma televisions and Gateway computers were stolen from a freight storage facility owned by Pitt Ohio on Matzinger Road in Toledo.
 {¶ 12} On April 8, 2003, approximately 86 cartons of cigarettes were stolen from the Butts Brew Company located in Point Place in Toledo. In the course of the Butts Brew break-in, the security alarm was triggered when one of the perpetrators broke out a side window in order to gain entry into the building.
 {¶ 13} The bulk of the evidence against appellant consisted of testimony furnished by two codefendants, Mike Biegaj and David Curns, detailing appellant's role and participation in these crimes. David Curns is appellant's brother. Both David Curns and Mike Biegaj consistently testified that Scott Curns was an active participant in these commercial break-ins. *Page 4 
 {¶ 14} Following jury trial, appellant was found guilty on one count of breaking and entering, one count of grand theft, and one count of theft. In addition, appellant was separately indicted for failing to appear on the last day of his trial and ultimately pled no contest for that failure to appear. Appellant was sentenced to a total term of incarceration of 43 months covering all convictions.
 {¶ 15} In his first and second assignments of error, appellant argues that his sentencing in both cases was done in contravention to the recent Ohio Supreme Court decision of State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 16} We need not belabor analysis of these first two assignments. We note that appellee concedes that the sentencings were not in conformity with Foster, necessitating that the cases be remanded for resentencing in compliance with the non-severed sentencing statutes.
 {¶ 17} Accordingly, we find the sentencing in this case is impacted by the Supreme Court of Ohio decision in Foster. The trial court made statutory sentencing findings now prohibited by Foster. Upon remand, the trial court shall consider only those portions of the sentencing code that are unaffected by the decision in Foster. Appellant's first and second assignments of error are found well-taken.
 {¶ 18} In his third assignment of error, appellant argues that the jury verdicts of guilty on the counts of breaking and entering, grand theft, and theft in case No. 2003-3696 were against the manifest weight of the evidence.
 {¶ 19} In support, appellant makes unsupported allegations that the testimony against him given by his brother and Mike Biegaj should not have been found credible. *Page 5 
Appellant makes multiple unpersuasive assertions disputing the credibility of the co-defendants.
 {¶ 20} The record shows that this attack on the credibility of the testimony implicating appellant is based purely upon supposition and innuendo. Appellant presents no relevant, objective or compelling evidence to support the proposition that these two witnesses gave concocted or false testimony regarding appellant's role in the crimes.
 {¶ 21} In determining whether a verdict is against the manifest weight of the evidence, the appellate court "weighs the evidence and all reasonable inferences, and considers the credibility of witnesses."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The court then makes a determination as to whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. Under this manifest weight standard, the appellate court sits as a "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. Id.
 {¶ 22} We have carefully reviewed the record in its entirety. Our review of the record reveals no evidence that the factfinder lost its way or created a manifest miscarriage of justice. The two codefendants unambiguously gave testimony disclosing appellant's participation in these crimes. We find that appellant was not prejudiced or prevented from having a fair trial. There was no miscarriage of justice. Appellant's third assignment of error is found not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The case is remanded to the *Page 6 
trial court for resentencing consistent with this decision. Appellant and appellee are ordered to each pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1